IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Xavier Jones, | ) C/A No.  0:11-00122-RBH-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Fulton Casey Dale Cornwell, Lexington County | ) |
| Public Defenders Officer; | ) |
| James R. Metts, Lexington County Sheriffs | ) **REPORT AND** |
| Department; | ) **RECOMMENDATION** |
| Co Mrs. Thomas, Lexington County Detention | ) |
| Center; | ) |
| William P. Keesley, Lexington County Judicial | ) |
| Center, | ) |
| | ) |
| Defendants. | ) |

_____

The Plaintiff, Dwight Xavier Jones ("Plaintiff"), a self-represented state prisoner,

brings this action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant

to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Plaintiff is a detainee at the

Lexington County Detention Center ("LCDC"), and files this action *in forma pauperis* under

28 U.S.C. § 1915.  The Complaint names a public defender, a state court judge, the sheriff

of Lexington County and an employee of the LCDC as defendants.[1]  Having reviewed the

Complaint in accordance with applicable law, the court concludes that it should be

summarily dismissed for failure to state a claim upon which relief may be granted as to

Defendants Fulton Casey Dale Cornwell and William P. Keesley.  An Order directing the

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

PJG

issuance and service of process for Defendants James R. Metts and Co Mrs. Thomas shall be filed contemporaneously with this Report and Recommendation.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).    This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."   Denton, 504 U.S. at 31.   Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

## BACKGROUND

The Complaint indicates that Fulton Casey Dale Cornwell of the Lexington County Public Defender's Office has been assigned to represent Plaintiff on his pending state criminal charges. (Compl. ECF No. 1 at 3.) The Complaint claims that Defendant Cornwell has failed to communicate with, and has withheld information from, Plaintiff. (Id.) Specifically, Plaintiff complains that Defendant Cornwell has failed to provide Plaintiff with discovery materials and has failed to respond to Plaintiff's letters and phone calls. (Id.) Plaintiff also alleges that Defendant Cornwell was absent for Plaintiff's preliminary hearing and "gave no notice of absence." (Id.) Plaintiff indicates that he has filed a motion "to relieve counsel." (Id.)

State Court Judge William P. Keesley has allegedly "ignored numerous letters from [Plaintiff]." (Id.) Sheriff James R. Metts is named for failure to provide a law library and for various jail conditions to include:  (1) lack of fire sprinklers; (2) peeling asbestos paint; (3) cell overcrowding; and (4) mold. (Id. at 3-5.) Plaintiff also complains of racial discrimination and "Co's jumping on inmates for no reason (8th Amendment) while in shackles and cuffs (excessive force)." (Id. at 4.) On December 6, 2010, Plaintiff alleges that a female officer "assaulted Plaintiff physically" and then filed a false report. (Id. at 5.) While the pleading is less than clear, it is assumed that Plaintiff is referring to Co Mrs. Thomas, the only female officer named in the Complaint.

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

PJG

conferred.' " Albright v. Oliver, 510 U.S. 266, 271(1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707.  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel.  See Polk Cnty. v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney).  Plaintiff's claims against his assigned public defender stem from this defendant's alleged ineffective assistance as counsel.  As Defendant Cornwell is not considered a "state actor" amenable to suit under § 1983, he is entitled to summary dismissal from the instant action.

Next, Plaintiff alleges that a State Circuit Court Judge, William P. Keesley, has failed to answer Plaintiff's letters.  It is unclear from the pleading exactly how such conduct has violated Plaintiff's constitutional rights.   However, to the extent Plaintiff is attempting to raise a claim against Judge Keesley concerning any judicial acts, this defendant is immune from suit.  Judges have absolute immunity from a claim for damages arising out of their judicial actions.  See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978);  Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been set- tled that a judge is absolutely immune from a claim for damages arising out of his judicial



actions."); see also Siegert v. Gilley, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").  Because Defendant Keesley is absolutely immune from suit, he is also entitled to summary dismissal.

## RECOMMENDATION

Accordingly, the court recommends the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process as to Defendants Fulton Casey Dale Cornwell and William P. Keesley.  Process shall issue for service on Defendants James R. Metts and Co Mrs. Thomas.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 7, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).