IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dwight Xavier Jones, | ) | C/A No. 0:11-122-HMH-PJG |
| Plaintiff, | ) | |
| vs. | ) | |
| J. Merrill; | ) | **ORDER** |
| LT. Jeff Simmons, | ) | |
| Defendants. | ) | |

This is a civil action filed by a local prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On March 28, 2011, the Court received an envelope from Plaintiff which included various documents and a sample of mold wrapped in toilet paper secured with band-aids. The Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the District of South Carolina provide for the filing of pleadings, documents, and other papers with the Clerk of Court. See Fed. R. Civ. P. 5(d)(2)(A); see also Local Civil Rule 5.02 DSC. Plaintiff's submission of a mold sample is not a pleading, document, or other paper which can be filed by the Clerk of Court.

**TO THE CLERK OF COURT:**

The Clerk of Court is directed to return the sample of mold to Plaintiff.

**TO PLAINTIFF:**

Evidence is not appropriate at this initial stage of the proceedings. Therefore, Plaintiff is directed to refrain from submitting any further physical samples to the Clerk of Court. Plaintiff is further reminded that he **must** place the civil action number listed above (C/A No. 0:11-122-HMH-PJG) on any document provided to the Court for filing. See Fed. R. Civ. P. 10(a).

**IT IS SO ORDERED.**

March 31, 2011
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE