IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dwight Xavier Jones, | ) | C/A No. 5:11-122-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| James R. Metts, *Lexington County Sheriff's Department*; CO Mrs. Thomas, *Lexington County Detention Center*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Dwight Xavier Jones ("Plaintiff" or "Jones"), a *pro se* state prisoner, brought this action seeking relief pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendants' motion for summary judgment. ECF No. 46; additional attach., ECF No. 50. By order of this court filed July 28, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. ECF No. 47. Plaintiff filed a response in opposition to Defendants' motion with additional attachments. ECF Nos. 51 & 52. On August 17, 2011, Defendants supplemented their motion for summary judgment (ECF No. 54), and Plaintiff filed a response to Defendants' supplement (ECF No. 58). Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that Defendants' motion be granted.

I.    Procedural and Factual Background

Plaintiff's Complaint alleges that, while housed as a detainee at the Lexington County Detention Center ("LCDC"),[1] he suffered a variety of constitutional violations relating to his legal representation and access to the courts, his conditions of confinement, and an alleged officer assault.  *See* Compl., ECF No. 1 at 4, 5. Plaintiff seeks monetary damages or injunctive relief.

II.    Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

---

[1] Since the date of his Complaint, Plaintiff has apparently been transferred to various facilities within the South Carolina Department of Corrections.  *See* Notices of Change of Address, ECF Nos. 53, 59, 60, & 62.  As a result, as Defendants point out, any injunctive relief requested by Plaintiff is now moot.  ECF No. 54.

The Federal Rules of Civil Procedure encourage the entry of summary judgment when both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). When the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the *Celotex* case, the Court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23.

III.    Analysis

The court should dismiss Plaintiff's claims because there is no evidence that Plaintiff pursued, much less exhausted, his administrative remedies at LCDC with regard to any of the claims raised in his Complaint. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[2] This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. *See Booth v. Churner*, 532

---

[2] Pretrial detainees are specifically included in this requirement pursuant to § 1997e(h), which defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."

3

U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

In this case, Plaintiff has failed to refute Defendants' evidence that Plaintiff has not exhausted the administrative remedies of LCDC with regard to any allegations involving access to the courts, the conditions of the facility, or the alleged officer assault. Although Plaintiff argues that grievances at LCDC are met with a "no response attitude" (Pl.'s Resp. Opp'n Summ. J., ECF No. 51 at 1), such assertion, even if true, does not entitled him to bypass the administrative process. *See Drakeford v. Thompson*, C/A No. 2:09-2239-RBH, 2010 WL 4884897, *3 & n.6 (Nov. 24, 2010) (finding plaintiff failed to exhaust administrative remedies because the record did not include an appeal of grievance, despite Plaintiff's conclusory affidavit that he had requested to proceed to the Step 2 (appeals) level of the grievance procedure and his request that defendants be estopped from using the failure-to-exhaust defense). In support of their argument, Defendants have submitted the affidavit of Captain Kevin Jones, who oversees the administration and maintenance of the LCDC. Jones Aff. ¶ 3, ECF No. 46-2 at 1. Captain Jones attests that the LCDC has "an established inmate grievance procedure." *Id.* ¶¶ 38-40, ECF 46-2 at 5. In fact, the evidence reflects that Plaintiff was familiar with and used the grievance procedure at LCDC; however, those grievances related to his medical care for a gunshot wound

he suffered prior to his incarceration.  *Id.* ¶ 41, ECF 46-2 at 6; Inmate Request Forms, ECF 46-4 at 35 and ECF 46-5 at 17, 18, 25, & 49.  The affidavit of Captain Jones reflects that Plaintiff failed to file any grievance or avail himself of procedural remedies with regard to any of the specific issues raised in this Complaint.  Jones Aff. ¶¶ 41-42, ECF 46-2 at 6.  Because Plaintiff has not provided any evidence to the contrary, his claims raised in this case should fail because he did not exhaust administrative remedies.  Therefore, the court recommends summary judgment for Defendants on all claims.[3]

IV.    Conclusion and Recommendation

Accordingly, the court recommends that Defendants' motion (ECF No. 46) be granted and Plaintiff's claims dismissed.

IT IS SO RECOMMENDED.

February 2, 2012                                      Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] Based on this recommendation, Defendants' remaining arguments are not discussed herein. *Cf. Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (holding court should not "stray into other considerations" after determining habeas claim is procedurally barred); *see Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th Cir.1993) (finding alternative holdings should be avoided).