IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Dwight Xavier Jones, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>James R. Metts, *Lexington Sheriffs* )<br>*Department*; C.O. Mrs. Thomas, *Lexington* )<br>*County Detention Center*; )<br>)<br>    Defendants. )<br>_____) | Civil Action No.: 5:11-cv-00122-RBH<br><br><br>**ORDER** |

    Plaintiff, a state prisoner proceeding *pro se*, filed this suit pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Lower Savannah Pre-Release in Aiken, South Carolina.

    On July 27, 2011, Defendants filed their [Docket Entry 46] Motion for Summary Judgment, along with a memorandum in support, [Docket 46-1], and supporting documents. Because Plaintiff is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on July 28, 2011, advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Plaintiff thereafter timely filed his [Docket Entry 51] Response in Opposition to the summary judgment motion. Then, on August 17, 2011, Defendants filed the [Docket Entry 54] Supplement to their summary judgment motion, to which Plaintiff replied, [Docket Entry 58].

    This matter is now before the court with the [Docket Entry 73] Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West[1] filed on February 2, 2012. In her R&R, the Magistrate Judge recommended that the court should grant Defendants' Motion for

---

[1] This matter was referred to Magistrate Judge West pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

Summary Judgment. Plaintiff timely filed his [Docket Entry 76] Objections to the R&R.

## Background Allegations

Plaintiff's [Docket Entry 1] Complaint alleges that, while incarcerated at the Lexington County Detention Center,[2] he suffered a variety of constitutional violations relating to his pending criminal charges and access to the courts (including complaints about the lack of a law library), the conditions of confinement, and alleged officer assaults. (Compl. at 3-5.) For relief, Plaintiff seeks monetary damages.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate

---

[2] The court notes that Plaintiff has been transferred to various facilities within the South Carolina Department of Corrections since the date he filed his Complaint. (*See* Notices of Address Change [Docket Entries 53, 59, 60, 62, & 75].) Moreover, although Plaintiff does not appear to seek any injunctive relief in this action, (*see* Plf. Reply [Docket Entry 58] at 2), any such request would now be moot as he is no longer incarcerated at the Lexington County Detention Center, (*see* R&R at 2 n.1; Defs. Supplement at 1).

2

Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner is required to exhaust his administrative remedies before filing an action concerning the conditions of his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory . . . even where the relief sought–monetary damages–cannot be granted by the administrative process."). Exhaustion is also now required in "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," and not just for suits under § 1983. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must complete the administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies. "Proper exhaustion" is now required. *Woodford*, 548 U.S. at 93.

Here, Defendants argued and the Magistrate Judge found that Plaintiff had failed to exhaust his administrative remedies as to any of his allegations/claims in this case. Specifically, in her R&R, the Magistrate Judge concluded as follows:

> Plaintiff has failed to refute Defendants' evidence that Plaintiff has not exhausted the

> administrative remedies of LCDC with regard to any allegations involving access to the courts, the conditions of the facility, or the alleged officer assault. . . . In support of this argument, Defendants have submitted the affidavit of Captain Kevin Jones, who oversees the administration and maintenance of the LCDC. Jones Aff. ¶ 3, ECF No. 46-2 at 1. Captain Jones attests that the LCDC has "an established inmate grievance procedure." *Id.* ¶¶ 38-40, ECF 46-2 at 5. In fact, the evidence reflects that Plaintiff was familiar with and used the grievance procedure at LCDC; however, those grievances related to his medical care for a gunshot wound he suffered prior to his incarceration. *Id.* ¶ 41, ECF 46-2 at 6; Inmate Request Forms, ECF 46-4 at 35 and ECF 46-5 at 17, 18, 25, & 49. The affidavit of Captain Jones reflects that Plaintiff failed to file any grievances or avail himself of procedural remedies with regard to any of the specific issues raised in this Complaint. Jones Aff. ¶¶ 41-42, ECF 46-2 at 6. Because Plaintiff has not provided any evidence to the contrary, his claims raised in this case should fail because he did not exhaust administrative remedies. Therefore, the court recommends summary judgment for Defendants on all claims.

(R&R at 4-5.) While Plaintiff did file Objections to the R&R, in regards to exhaustion he argues only that Defendants "failed" to disclose all of his grievances to the court. (*See* Obj. at 1.) Although not specifically stated by Plaintiff, it appears to the court that he is attempting to argue that he did file grievances as to his current claims, but that Defendants failed to provide those to the court. However, this unsubstantiated allegation, wholly lacking in evidentiary support, is insufficient to create a genuine issue of material fact as to whether he did, in fact, exhaust his administrative remedies. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986); *see also Carter v Ball*, 33 F.3d 450, 461-62 (4th Cir. 1994); *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988). Moreover, nowhere in his Objections does he even indicate for which claims he allegedly filed grievances, nor has he provided any evidence of such alleged grievances. Thus, the court finds that this objection is without merit and concludes, as did the Magistrate Judge, that Defendants' Motion for Summary Judgment should be granted as Plaintiff failed to exhaust his administrative remedies.

## Conclusion

The court has thoroughly reviewed the entire record, including the R&R and Objections, and

applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's Objections and adopts and incorporates by reference the Magistrate Judge's R&R. Accordingly, Defendants' Motion for Summary Judgment is hereby **GRANTED** and Plaintiff's claims **DISMISSED**.

    **IT IS SO ORDERED**.

                                            s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
February 27, 2012